Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001025
28-SEP-2015
08:27 AM

NO. CAAP-12-0001025

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL A. BAYUDAN, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DTA-11-04027)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Michael A. Bayudan (Bayudan)
appeals from the October 25, 2012 Notice of Entry of Judgment
and/or Order and Plea/Judgment entered in the District Court of
the First Circuit, Honolulu Division (District Court).[1] Bayudan
was convicted of Operating a Vehicle Under the Influence of an
Intoxicant (OVUII), in violation of Hawaii Revised Statutes
(HRS) § 291E-61(a)(3) (Supp. 2014).

On appeal, Bayudan claims (1) there was insufficient
evidence that the intoxicant control roadblock requirements were
met, (2) there was insufficient evidence to support probable
cause for his arrest, and (3) there was insufficient foundation
to introduce Bayudan's breath alcohol test result.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to

---

[1] The Honorable David W. Lo presided.

the arguments advanced and the issues raised by the parties, we resolve Bayudan's points of error as follows:

(1)(a) Bayudan claims that admission of State's Exhibit 1, a copy of the police department press release notification of roadblocks (Exhibit 1), was improperly admitted into evidence because it lacked foundation, i.e., that it was improperly authenticated and certified. However, Lieutenant Paul Lucas identified Exhibit 1 as a fair and accurate representation of the press release he used when preparing his report in his capacity as the officer supervising the roadblock. Hawaii Rules of Evidence (HRE) Rule 901.[2] Therefore, a sufficient foundation was laid for the admission of Exhibit 1 and Bayudan's alternative argument regarding certification is moot.

For the first time on appeal, Bayudan argues that admission of Exhibit 1 was in violation of the "best evidence" rule contained in HRE Rule 1002. Making an objection to evidence based on a specific ground waives all other unspecified grounds. State v. Duncan, 101 Hawaiʻi 269, 276, 67 P.3d 768, 775 (2003); State v. Jenkins, 125 Hawaiʻi 242, 257 P.3d 1219, No. 30295 2011 WL 1620643 at *3-4 (App. Apr. 29, 2011) (mem.) (defendant waiving best evidence rule objection).

(1)(b) Bayudan argues there was a violation of Rule 18 of the Rules of the Chief of Police, City and County of Honolulu (Rule 18) and HRS § 291E-20 (2007). Specifically, Bayudan claims Rule 18-4, requiring two official vehicles at the roadblock site,

---

[2]    HRE Rule 901 provides, in pertinent part,

**Rule 901    Requirement of authentication or identification.** (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b)    Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

(1)    Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be.

was violated. However, once again, Bayudan does not show where in the record on appeal he mentioned Rule 18, has not established Rule 18 is a rule within the meaning of HRS § 91-1(4) (2012), and has not shown the police violated HRS § 291E-19 (2007) or § 291E-20.

Bayudan does not claim that there was not enough personnel or official vehicles "to ensure speedy compliance with the purpose of the roadblocks and to move traffic with a minimum of inconvenience" under HRS § 291E-20(4). This statute does not require a specific number of official vehicles at a roadblock and Bayudan fails to show that Rule 18 is a rule as defined by HRS § 91-1(4) rather than an internal police procedure. See HRS § 291E-19 ("In the case of internal police standards that do not fall within the definitions of 'rule' under section 91-1(4), failure to comply scrupulously with such internal police procedures shall not invalidate a roadblock that otherwise meets the minimum statutory criteria provided in section 291E-20").

(2) Bayudan contends there was insufficient evidence to establish probable cause to arrest him because Officer Woo Kang (Officer Kang) failed to ask "the medical rule out questions" prior to administering field sobriety tests. Bayudan did not object to the admission of Officer Kang's testimony that Bayudan failed the walk and turn test and one leg stand test. Furthermore, Bayudan cites to no authority for his assertion that these questions are required. See Ala Moana Boat Owners' Ass'n v. State, 50 Haw. 156, 158, 434 P.2d 516, 518 (1967) ("Where arguments in a brief are unsupported by citations of authorities, this court will not ordinarily search out authorities, and will assume that counsel, after diligent search, had been unable to find any supporting authority.") Bayudan does not dispute that Officer Kang testified to Bayudan's performance on the field sobriety tests and points to no evidence suggesting that he had a medical condition that could have interfered with his performance. Therefore, we reject the argument as meritless.

3

(3) Bayudan claims that there was insufficient foundation as to the accuracy of the Intoxilyzer and training of the officer with respect to testing and operating the Intoxilyzer pursuant to Title 11, Chapter 114 of the Hawaii Administrative Rules (Chapter 114) and the manufacturer's requirements prior to admitting the breath alcohol test result. More specifically, Bayudan claims the State failed to show that the Intoxilyzer was an approved breath alcohol testing instrument by the State of Hawai'i Department of Health, the internal standards accuracy verification test was approved by the DUI coordinator, and the breath test procedure used was approved in accordance with Chapter 114.

"Compliance with the manufacturer specifications is not required to admit breath alcohol test results." State v. Hsu, 129 Hawai'i 426, 301 P.3d 1267, CAAP-10-0000214 2013 WL 1919514 at *1 (App. May 9, 2013) (SDO). Compliance with Chapter 114 is required to establish evidentiary foundation for admission of a breath alcohol test. Id.

The District Court took judicial notice that the Intoxilyzer was approved by the DUI coordinator as an accepted accuracy verification device. State v. West, 135 Hawai'i 406, 353 P.3d 409, CAAP-12-0000717 2015 WL 3422156 at *1, 3-4 (App. May 27, 2015) (SDO).

> Chapter 114 expressly permits that an accuracy verification device may be an internal or integral part of the breath alcohol instrument. And by implication, the degree of accuracy verification contemplated by Chapter 114 does not extend to components of a breath alcohol machine that cannot be tested by an internal or integral device.

Hsu, at *2. The Sworn Statement of Intoxilyzer 8000 Operator by Officer Duane Hookano stated "I administered a breath test to the person arrested, as named above, in compliance with operator training and Title 11, Chapter 114, Hawaii Administrative Rules, and followed the procedures established for conducting the test[.]" See State's Exhibit 4. Bayudan was the named person on the form. Therefore, there was sufficient foundation to admit

4

Bayudan's breath test that indicated his breath alcohol concentration was .117 per 210 liters of breath.

Bayudan's claim that the District Court erred by admitting the sworn statement of Officer Kang regarding the testing and accuracy of the Intoxilyzer because it violated his right to confront witnesses is without merit.  This court rejected that argument in State v. Marshall, 114 Hawai'i 396, 401-02, 163 P.3d 199, 204-05 (App. 2007).  In any event, Officer Kang testified at trial and was available for cross-examination by Bayudan.

Therefore,

IT IS HEREBY ORDERED THAT the October 25, 2012 Notice of Entry of Judgment and/or Order and Plea/Judgment entered in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED:  Honolulu, Hawai'i, September 28, 2015.

On the briefs:

Brian S. Kim,
for Defendant-Appellant.

*Craig H. Nakamura*

Chief Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

5